IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 03-20442-CIV-SEITZ
MAGISTRATE JUDGE McALILEY

JULIO CESAR ANDUJAR,

    Plaintiff,

vs.

JORGE RODRIGUEZ, et al.,

    Defendants.
_____/

## DEFENDANTS NEWCOMB AND BAREA'S
## MOTION FOR SUMMARY JUDGMENT

Defendants HARRY NEWCOMB and ROBERT BAREA, ("NEWCOMB and BAREA") by and through undersigned counsel, and pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, hereby move for summary judgment and states as follows:

I.    This is a civil rights action for damages arising out of Plaintiff's May 2, 1999 arrest for armed carjacking. Plaintiff invoked Title 42 U.S.C. section 1983 to address alleged constitutional violations. Moreover, Plaintiff invoked this Court's pendent jurisdiction for state law claims.

II.    The following allegations of the amended complaint correspond to Defendants NEWCOMB and BAREA: (a) a Section 1983 claim arising under the Fourth Amendment for excessive force[1]; (b) a Section 1983 claim arising under the Eighth Amendment's Cruel and Unusual Punishment Clause for deliberate

---

[1] It is not entirely clear whether this claim is alleged against these Defendants based on allegations made in paragraph 80(a) of the amended complaint which appear to exclude Newcomb and Barea. However, Defendants address this claim in their motion.

Case 1:03-cv-20442-PAS   Document 193   Entered on FLSD Docket 11/08/2005   Page 2 of 14

Andujar v. Rodriguez, et al.
Case No.: 03-20442-CIV-Seitz
Defendants Barea and Newcomb's Motion for Summary Judgment

indifference to Plaintiff's medical needs; (c) a claim for aggravated battery arising under Florida Statute section 784.045; (d) a claim for false imprisonment arising under Florida Statute section 787.01; (e) a state law claim for intentional infliction of emotional distress; and (f), a state law claim for negligent infliction of emotional distress.

III. As to various claims raised in the amended complaint, as detailed herein, the pleadings, together with the depositions, and answers to interrogatories filed, show that there is no genuine issue as to any material fact and that the moving parties, Defendants NEWCOMB and BAREA, are entitled to summary judgment as a matter of law.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Defendant NEWCOMB is a fire captain with the City of Miami and has been employed with the City of Miami Fire Department for 20 years. (Depo. of Newcomb, p.5). Defendant NEWCOMB is a state-certified paramedic and firefighter. (Depo. of Newcomb, P. 12). At the time of the incident in question, Defendant NEWCOMB was a paramedic. (Depo. of Newcomb, p. 15).

2. Defendant BAREA is a firefighter/paramedic with the City of Miami Fire Department and has been employed as a firefighter with the City for 21 years. (Depo. of Barea, P. 5). At the time of the incident in question, Defendant BAREA was a paramedic. (Depo. of Barea, p. 5).

3. On the date in question, the City of Miami Fire Department protocols were authorized and approved by a medical director, Dr. K. Schrank. (Depo. of Barea, P. 57, and exhibits 9 and 10 to Depo. of Newcomb). Attached as exhibit 9 to Defendant

2

Case 1:03-cv-20442-PAS   Document 193   Entered on FLSD Docket 11/08/2005   Page 3 of 14

Andujar v. Rodriguez, et al.
Case No.: 03-20442-CIV-Seitz
Defendants Barea and Newcomb's Motion for Summary Judgment

NEWCOMB's deposition is the City of Miami Fire-Rescue Transportation Policy dated December 1, 1998. (Depo. of Newcomb, P. 50). Exhibit 10 to Defendant NEWCOMB'S deposition is a computer printout of the incident report he completed with respect to Plaintiff's assessment and treatment. (Depo. of Newcomb, P. 63).

4. On May 2, 1999, Defendants NEWCOMB and BAREA responded as City of Miami paramedics to the area of State Road 836 and N.W. 32nd Court with respect to treatment of Plaintiff's dog bite wound. (Depo. of Newcomb, pp. 19-20). On that date, Plaintiff was involved in an armed carjacking and ultimately convicted of the crime.[2]

5. On the date in question, Defendants NEWCOMB and BAREA responded to the scene of Plaintiff's dog bite to provide basic life support services. (Depo. of Newcomb, P. 21).

6. Defendants NEWCOMB and BAREA determined that Plaintiff had puncture wounds in his upper leg. (Depo. of Newcomb, pp. 26-27). NEWCOMB and BAREA were not present on the scene when Plaintiff was bitten. (Depo. of Plaintiff, p. 178). Moreover, NEWCOMB and BAREA were not on the scene when Plaintiff was allegedly punched, slapped, or choked by police officers. (Depo. of Plaintiff, p. 178). Plaintiff concedes that there were no further incidents of alleged punching, choking or slapping by police officers after the paramedics arrived on the scene. (Depo. of Plaintiff, p. 178).

7. Defendants NEWCOMB and BAREA treated Plaintiff on the scene with a sterile Cling bandage and gauze. (Depo. of Newcomb, P. 32). *"They cleaned my wound, bandaged it, to that effect, solution, put a solution I believe. That's what I recall."* (Depo.

---

[2] To establish this material fact pursuant to Rule 201 of the Federal Rules of Evidence, Defendants request this Court take judicial notice of the judgment of conviction Judge Highsmith entered in Plaintiff's criminal case, *United States of America v. Andujar*, case number 99cr00338.

3

Case 1:03-cv-20442-PAS   Document 193   Entered on FLSD Docket 11/08/2005   Page 4 of 14

Andujar v. Rodriguez, et al.
Case No.: 03-20442-CIV-Seitz
Defendants Barea and Newcomb's Motion for Summary Judgment

of Plaintiff p. 75). After wrapping Plaintiff's wound, it stopped bleeding. (Depo. of Plaintiff, p. 75).

8. After treating Plaintiff, Defendants NEWCOMB and BAREA released him to police officers on the scene for processing and transport to JMH (Jackson Memorial Hospital). (Depo. of Newcomb, P. 63).

9. Defendant NEWCOMB made the decision to release Plaintiff to police. (Depo. of Newcomb, P. 40). Defendant NEWCOMB believed that the police would transport the Plaintiff to Ward D after processing him. (Depo. of Newcomb, P. 34). In his answer to Plaintiff's interrogatories, Defendant NEWCOMB explained, "[p]laintiff did not meet trauma center transportation criteria; instead, he was treated and released to Metro-Dade police officers for processing and transportation to Ward D at Jackson Memorial Hospital."

10. Exhibit 9 defines "Ward D" as "...a medical facility at JMH with full security under the Corrections Department, and is equipped and staffed for minor emergencies only, not as a full emergency department." (Exhibit 9, p. 3).

11. Plaintiff testified in deposition that he could not hear any conversations between Defendants NEWCOMB and BAREA and the police officers at the scene where he was treated for his injuries. (Depo. of Plaintiff, p. 111).

12. The police did not influence Defendant NEWCOMB's decision to release Plaintiff to police officers for processing and transport to JMH. (Depo. of Newcomb, p. 41).

13. Plaintiff alleged Defendant HURTADO transported him to the Miami-Dade police station. (Depo. of Plaintiff, p. 82). Plaintiff alleged that while in HURTADO'S

Case 1:03-cv-20442-PAS   Document 193   Entered on FLSD Docket 11/08/2005   Page 5 of 14

Andujar v. Rodriguez, et al.
Case No.: 03-20442-CIV-Seitz
Defendants Barea and Newcomb's Motion for Summary Judgment

custody, he was tortured when HURTADO stuck a baton into his puncture wounds and the bandage started to turn red from blood. (Depo. of Plaintiff, pp. 83-84).

14. When Plaintiff was at the Miami-Dade police station, paramedics were called when his wound began to bleed. (Depo. of Plaintiff, p. 87). Ultimately, these paramedics transported Plaintiff to a hospital, where he received stitches. (Depo. of Plaintiff, p. 90).

## MEMORANDUM OF LAW

### I. Standard of Review

The court, in reviewing a motion for summary judgment, is guided by the standard set forth in Federal Rule of Civil Procedure 56(c), which states, in relevant part, as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The moving party bears the burden of meeting this exacting standard. Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986); Adickes v. S.H. Kress & Co., 396 U.S. 144, 157 (1969). "The moving party may discharge this 'initial responsibility' by showing that there is an absence of evidence to support the nonmoving party's case or by showing that the nonmoving party will be unable to prove its case at trial." Hickson Corp., v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004). "To survive summary judgment, the nonmoving party bearing the ultimate burden of proof at trial must come forward with evidence sufficient to withstand a directed verdict motion." Id.

5

Case 1:03-cv-20442-PAS   Document 193   Entered on FLSD Docket 11/08/2005   Page 6 of 14

<u>Andujar v. Rodriguez</u>, et al.
Case No.: 03-20442-CIV-Seitz
Defendants Barea and Newcomb's Motion for Summary Judgment

## II. Defendants are Entitled to Qualified Immunity as to Plaintiff's Fourth Amendment Claim Based on Plaintiff's Concessions

In count I of the amended complaint, Plaintiff captions the claim as one against "Defendants Rodriguez, et al....". In paragraph 80(a) he specifically excludes NEWCOMB and BAREA. However, to the extent that he failed to explicitly exclude Defendants NEWCOMB and BAREA from subparagraphs 80(b),(c) (d) and (e), Defendants address those claims.

Plaintiff alleged Defendants NEWCOMB and BAREA violated his Fourth Amendment rights to be free from excessive force in the following manner: by allowing k-9 dog to continue attacking the plaintiff and drag him from the yard to the street; by assaulting, punching, slapping and choking him, or by failing to intervene at that time; by confiscating plaintiff's wallet and pager, and by failing to intervene to stop the other defendants assault on Plaintiff." Amended complaint ¶ 80. However, during deposition when questioned about the Defendants specific involvement, Plaintiff made the following concessions:

Q. *Mr. Andujar, with respect to the firefighters, the paramedics I represent, Newcomb and Barea, you're not alleging that they were on the scene when the dog bit you correct?*

A. *Oh no, Sir.*

Q. *And you're not alleging that they were there when you were punched, slapped or choked, correct.*

A. *No, Sir.*

Q. *They didn't arrive until after that incident?*

6

Case 1:03-cv-20442-PAS   Document 193   Entered on FLSD Docket 11/08/2005   Page 7 of 14

Andujar v. Rodriguez, et al.
Case No.: 03-20442-CIV-Seitz
Defendants Barea and Newcomb's Motion for Summary Judgment

A.  *Correct.*

B.  *And there was no further incidents of punching, choking, or slapping you while the paramedics were on the scene, is that correct?*

*Mr. Ostroff: Object to form.*

C.  *Correct. (Depo. of Plaintiff, p. 178).*

Based on the undisputed record evidence, NEWCOMB and BAREA, did not violate Plaintiff's Fourth Amendment rights with respect to excessive force and Defendants are entitled to qualified immunity. In the absence of a Constitutional violation, Plaintiff's Fourth Amendment claim fails. Indeed, based on Plaintiff's own testimony, it appears that he never intended Count I to apply to Defendants NEWCOMB and BAREA, and summary judgment is appropriate.

### III.  Defendants are Entitled to Qualified Immunity Because the Eighth Amendment Governs the Treatment of Convicted Prisoners Not Pretrial Detainees

Plaintiff fails to state a claim for relief under 42 U.S.C. section 1983 for a violation of his Eighth Amendment rights because he fails to establish that the incident alleged in the amended complaint occurred while he was a convicted prisoner. An action under section 1983 requires the deprivation of a federal right, privilege or immunity by a person acting under color of state law. 42 U.S.C. § 1983 (2004). The Eighth Amendment provides, "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." U.S. Const. amend. VIII. The Eighth Amendment applies only after a prisoner is convicted. U.S. v. Myers, 972 F.2d 1566 (11th Cir. 1992). See also Farrow v. West, 320 F.3d 1235, 1242 (11th Cir.

7

Andujar v. Rodriguez, et al.
Case No.: 03-20442-CIV-Seitz
Defendants Barea and Newcomb's Motion for Summary Judgment

2003);("the Eighth Amendment governs the treatment a prisoner receives in prison and the conditions under which he is confined.")

In Count 2 of his amended complaint, Plaintiff identifies his claim as one arising under the Cruel and Unusual Clause of the Eighth Amendment. However, Plaintiff's complaint fails to set forth allegations that he was subjected to excessive force as a convicted prisoner. On the contrary, plaintiff's complaint merely sets forth allegations pertaining to his initial arrest and pretrial detention.

"Qualified immunity protects government officials performing discretionary functions from suits in their individual capacities unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." Dalrymple v. Reno, 334 F.3d 991, 994 (11th Cir. 2003). Questions of qualified immunity should be resolved at the earliest possible stage in the litigation. Id. To receive qualified immunity, the government official must first show that he was acting within his discretionary authority. Id. Once the government official establishes that he was acting within his discretionary authority, the burden shifts to the plaintiff to show that qualified immunity is not appropriate. Id. The next step in this analysis is to determine whether the government official's conduct violated a constitutional right. Id. If the plaintiff cannot meet this first requirement, the government official is entitled to qualified immunity. Id.

At the outset, Defendants submit that the record evidence reflects they were acting in their discretionary capacity when they responded to the crime scene to treat Plaintiff for a police dog bite, and Defendant NEWCOMB decided Plaintiff did not require immediate transport to the hospital. See Hutton v. Strickland, 919 F.2d 1531,

8

Case 1:03-cv-20442-PAS   Document 193   Entered on FLSD Docket 11/08/2005   Page 9 of 14

Andujar v. Rodriguez, et al.
Case No.: 03-20442-CIV-Seitz
Defendants Barea and Newcomb's Motion for Summary Judgment

1537 (11th Cir. 1990);(government official proves that he acted within the purview of his discretionary authority by showing objective circumstances which would compel the conclusion that his actions were undertaken pursuant to the performance of his duties and within the scope of his authority.) Because the Plaintiff cannot establish a Constitutional violation arising under the Eighth Amendment, Defendants NEWCOMB and BAREA are entitled to qualified immunity and summary judgment is appropriate.

### IV. Florida's Criminal Statutes do not Give Rise To Civil Remedies

In counts 5 and 6 of the amended complaint, Plaintiff alleges claims arising under Florida Statutes sections 784.045 and 787.02. These statutes are criminal in nature and do not give rise to civil remedies. "Under Florida law, a mere violation of the penal statutes does not give rise to liability per se." Lavis Plumbing Services, Inc., v. Johnson, 515 So. 2d 296, 298 (Fla. 3rd DCA 1987). To impose civil liability under a penal statue, there must be a finding that the statute created a duty for the benefit of a special class of individuals. Id. Criminal statutes created for the "public justice" and not a special class of individuals do not create civil remedies. Id.

Florida statute section 784.045 states:

> a person commits aggravated batter who, in committing battery: 1. intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or 2. uses a deadly weapon. (b) A person commits aggravated battery if the person who was the victim of the battery was pregnant at the time of the offense and the offender knew or should have known that the victim was pregnant. (2) Whoever commits aggravated battery shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. Fla. Stat. § 784.045 (2005).

Furthermore, Florida statute section 787.01 states:

Case 1:03-cv-20442-PAS   Document 193   Entered on FLSD Docket 11/08/2005   Page 10 of 14

Andujar v. Rodriguez, et al.
Case No.: 03-20442-CIV-Seitz
Defendants Barea and Newcomb's Motion for Summary Judgment

> (1)(a) The term "kidnapping" means forcibly, secretly, or by threat confining, abducting, or imprisoning another person against her or his will and without lawful authority, with intent to: 1. Hold for ransom or reward or as a shield or hostage. 2. Commit or facilitate commission of any felony. 3. Inflict bodily harm upon or to terrorize the victim or another person.4. Interfere with the performance of any governmental or political function.
> (b) Confinement of a child under the age of 13 is against her or his will within the meaning of this subsection if such confinement is without the consent of her or his parent or legal guardian.
> (2) A person who kidnaps a person is guilty of a felony of the first degree, punishable by imprisonment for a term of years not exceeding life or as provided in s. 775.082, s. 775.083, or s. 775.084.
> (3)(a) A person who commits the offense of kidnapping upon a child under the age of 13 and who, in the course of committing the offense, commits one or more of the following: 1. Aggravated child abuse, as defined in s. 827.03;2. Sexual battery, as defined in chapter 794, against the child; 3. Lewd or lascivious battery, lewd or lascivious molestation, lewd or lascivious conduct, or lewd or lascivious exhibition, in violation of s. 800.04;4. A violation of s. 796.03 or s. 796.04, relating to prostitution, upon the child; or 5. Exploitation of the child or allowing the child to be exploited, in violation of s. 450.151,commits a life felony, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.(b) Pursuant to s. 775.021(4), nothing contained herein shall be construed to prohibit the imposition of separate judgments and sentences for the life felony described in paragraph (a) and for each separate offense enumerated in subparagraphs (a)1.-5. Fla. Stat. § 787.01 (2005).

The foregoing statutes are general criminal statutes which do not protect a special class of individuals and do not explicitly provide for civil remedies. Consequently, counts 5 and 6 of the complaint do not give rise to claims for relief.

**V.     Plaintiff Fails to State a Claim for Negligent Infliction of Emotional Distress**

10

Case 1:03-cv-20442-PAS   Document 193   Entered on FLSD Docket 11/08/2005   Page 11 of 14

Andujar v. Rodriguez, et al.
Case No.: 03-20442-CIV-Seitz
Defendants Barea and Newcomb's Motion for Summary Judgment

In Zell v. Meek, 665 So.2d 1048 (Fla. 1995) the Court stated the elements necessary to allege a cause of action for negligent infliction of emotional distress as "(1) the plaintiff must suffer a physical injury; (2) the plaintiff's physical injury must be caused by the psychological trauma; (3) the plaintiff must be involved in some way in the event causing the negligent injury to another; and (4) the plaintiff must have a close personal relationship to the directly injured person." Zell at 1054.

Furthermore, it is a long-standing doctrine in Florida common law that in order for an action for negligent infliction of emotional distress to lie there must be some physical impact. R.J. v. Humana of Florida, 652 So. 2d 360 (Fla. 1995). Though Plaintiff suffered a dog bite, and has alleged he was physically attacked by arresting officers, both of those events occurred prior to Defendant firefighters' arrival on the scene. In his amended complaint Plaintiff alleges that Defendant firefighters' refusal to take him to the hospital themselves suffices as an "impact." However, nothing in Florida case law supports the contention that the refusal to provide such a service constitutes an "impact." While Florida courts have carved out narrow exceptions to the impact rule, they deal primarily with witnessing injury to someone close to the plaintiff, and are thus inapplicable in this case. Champion v. Gray, 478 So. 2d 17, 18 (Fla. 1985). Therefore, Defendants NEWCOMB and BAREA are entitled to summary judgment on the claim of negligent infliction of emotional distress.

### VI. Defendants are Entitled to Statutory Immunity From Plaintiff's State Law Claims Pursuant to Florida's Good Samaritan Act

Florida Statute section 768.13(2)(b)1 provides:

> Any health care provider, including a hospital licensed under chapter 395, providing emergency services pursuant

11

Andujar v. Rodriguez, et al.
Case No.: 03-20442-CIV-Seitz
Defendants Barea and Newcomb's Motion for Summary Judgment

> to obligations imposed by 42 U.S.C.§ 1395dd, § 395.1041, § 395.401, or § 401.45 shall not be held liable for any civil damages as a result of such medical care or treatment unless such damages result from providing, or failing to provide, medical care or treatment under circumstances demonstrating a reckless disregard for the consequences so as to affect the life or health of another. Fla. Stat. § 768.13(2)(b) (2005).

Additionally, Florida Statute section 401.45(4) provides:

> Any licensee or emergency medical technician or paramedic who in good faith provides emergency medical care or treatment within the scope of their employment and pursuant to oral or written instructions of a medical director shall be deemed to be providing emergency medical care or treatment for the purposes of § 768. 13(2)(b). Fla. Stat. §401.45(4) (2005).

The undisputed record evidence in this case indicates Defendants NEWCOMB and BAREA were licensed paramedics working for the City of Miami at the time of the incident. Furthermore, the record reflects that the Defendants were working pursuant to written protocols which were authorized by a medical director, Dr. K. Schrank. Consequently, Defendants NEWCOMB and BAREA'S conduct in treating Plaintiff falls within the protection of Florida's Good Samaritan Act. Similarly, allegations pertaining to Defendants failure to treat Plaintiff are encompassed by the protections of this statute. It is significant to note that Plaintiff has not identified any expert witness testimony with respect to his claims against these paramedics. Defendants submit that paramedic care is a specialized field requiring state licensure. Without expert testimony, a jury will be unable to judge the Defendants actions under the appropriate standard. In the absence of any expert opinion evidence showing these Defendants acted with "reckless disregard"

Case 1:03-cv-20442-PAS   Document 193   Entered on FLSD Docket 11/08/2005   Page 13 of 14

Andujar v. Rodriguez, et al.
Case No.: 03-20442-CIV-Seitz
Defendants Barea and Newcomb's Motion for Summary Judgment

for the consequences of their actions so as to affect the life or health of another, Defendants are entitled to statutory immunity as to Plaintiff's state law claims.

### VII. Defendants are Entitled to Sovereign Immunity for Claims of Negligent Conduct Committed in the Course of Their Government Employment

As to Plaintiff's claim for negligent infliction of emotional distress, Defendants NEWCOMB and BAREA further assert that they are entitled to the protections of Florida's Sovereign Immunity statute. Florida's sovereign immunity extends to employees of municipalities acting within the course and scope of their employment. Section 768.28(9)(a) of the Florida Statutes provides: "[n]o officer, employee, or agent of the state or any of its subdivisions shall be held personally liable in tort <u>or named as a party defendant</u> in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, *unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property. The exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers shall be by action against the governmental entity...*" Fla. Stat. § 768.28(9)(a) (2005)(emphasis supplied). (*See* City of North Bay Village v. Braelow, 498 So. 2d 417 (Fla. 1986); public employees will not be liable for their negligent acts, or even named as defendants except when they act in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property). In the case at bar, it is undisputed that Defendants NEWCOMB and BAREA were acting in the course and scope of their employment as paramedics for the City of Miami. To the extent that Plaintiff alleges that Defendants actions were negligent, i.e. negligent

Andujar v. Rodriguez, et al.
Case No.: 03-20442-CIV-Seitz
Defendants Barea and Newcomb's Motion for Summary Judgment

infliction of emotional distress, those claims are barred by Florida's sovereign immunity statute.

WHEREFORE, Defendants NEWCOMB and BAREA, request that this Court grant their motion for summary judgment.

> JORGE L. FERNANDEZ, City Attorney
> CHRISTOPHER A. GREEN, Assistant City Attorney
> Attorneys for Defendants
> Miami Riverside Center, Suite 945
> 444 Southwest 2nd Avenue
> Miami, Florida 33130-1910
> CAGreen@ci.miami.fl.us
> Tel.: (305) 416-1800
> Fax: (305) 416-1802
>
> BY: _____
> CHRISTOPHER A. GREEN,
> Florida Bar No.957917

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was mailed to **P. Christine Deruelle, Esq.**, Weil, Gotshal & Manges, LLP, 1395 Brickell Avenue, 12th Floor, Miami, Florida  33131, and **Jeffrey P. Ehrlich, Esq.,** Assistant County Attorney, Stephen P. Clark Center, 111 N.W. First Street, Suite 2810, Miami, Fla. 33128-1993, on this _7_ day of November, 2005.

> BY: _____
> CHRISTOPHER A. GREEN,
> Assistant City Attorney
> Florida Bar No.957917